## WEATHERBEE v UNION GAS & ELECTRIC CO.

Common Pleas Court, Hamilton Co

Decided November 9, 1934

Cowan, Adams & Adams, Columbus, and Gilbert Bettman, Cincinnati, for plaintiff.

C. S. Weakley, and William B. Ramsey, Cincinnati, for defendant.

### OPINION

By MACK, J.

This is an appeal from the action of The Industrial Commission of Ohio.

Weatherbee, an employee of The Union Gas & Electric Company, a self-insuring company under the Workmen's Compensation Law of Ohio, was injured on July 2, 1925, while in its employ and on said date filed his claim for temporary disability with the employer and received compensation from said date until his return to his regular duties on October 6, 1925. He remained in its employ until April 24, 1931, and on or about July 22, 1932, having demanded additional compensation for permanent injuries from the employer, which compensation was refused, he filed his claim with The Industrial Commission of Ohio. The application came on for hearing before the commission on March 14, 1933. "at which time said Industrial Commission of Ohio denied him the right to receive, or to continue to receive compensation as provided by the Workmen's Compensation Law of Ohio." Thereafter on March 27, 1933, he filed his application for rehearing with the commission. A rehearing was thereafter granted and his claim came on for hearing on April 2, 1934, "at which time said application for rehearing was ordered dismissed and plaintiff was again denied the right to receive, or continue to receive compensation as provided for under the Workmen's Compensation Law of Ohio." Thereafter he filed his notice of appeal and on June 4, 1934, filed his petition in the instant case.

Defendant demurs to the petition for the reason:

1. The court has no jurisdiction as to the subject matter of this action.

2. The facts stated in the petition do not constitute a cause of action against defendant.

Two questions are presented by the demurrer, viz:

a. Is the instant case governed by §1465-90 GC, as the same was enacted by 111 Ohio Laws 218, (effective July 15, 1925), or by the law as enacted by the Act approved May 14, 1921, and found in 109 O. L. 296?

b. Has the court jurisdiction as to the subject matter of this action?

362

Our Supreme Court in **Tyler Co. v Rebic, 118 Oh St 522,** has ruled that a demand made by an employee of his employer is of such character as to constitute his claim a "pending proceeding," (under §26 GC) so that the law as existing at such time applies and not the law thereafter enacted. At page 525 the court said, per Day, J.:

"A proceeding in the enforcement of a civil right is an act necessary to be done in order to attain a given end. It is a prescribed mode of action for carrying into effect a legal right."

However, in that case the claim was filed orally with the employer on June 6. 1925, before the act effective July 15, 1925, went into operation. From a refusal of said oral demand on September 4, 1925, the employee filed his application with The Industrial Commission.

In the instant case, however, the original demand was made and complied with by the employer and compensation paid until the employee returned to his regular duties on October 6, 1925. He continued in the employment of defendant until April 24, 1931, and made no other demand until on or about July 22, 1932.

In the opinion of the court this case is therefore not within the letter or spirit of the Rebic case. The case, in the opinion of the court, is one involving a demand made on or about July 22, 1932, and which constituted a proceeding pending at such date. It is true that such demand is founded on the original accident of July 2, 1925, but it was a new claim for permanent disability instead of the temporary impairment for which the original demand was made and satisfied. Therefore, in the opinion of the court, the instant case is governed by the act effective July 15, 1925, and now appearing in the General Code of Ohio as §1465-90.

Such being the opinion of the court this case is therefore governed by the recent elaborate opinion of the Supreme Court handed down on June 13,

1934, and entitled **State ex Depalo v Industrial Commission of Ohio, 128 Oh St 410.** By that decision it is specifically held that a denial by the commission of the right of the claimant to continue to receive compensation does not in itself involve a jurisdictional fact, but, in order to entitle the claimant to a rehearing and appeal, it must appear that the commission's denial was based upon a finding that it had no jurisdiction of the claim and no authority to inquire into the extent of disability or the amount of compensation.

Accordingly the demurrer to the petition will be sustained on the ground of failure to state any of said matters which are essential to give this court jurisdiction.